**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      :

                          :

          v.                :

                          :

SCOTT E. BOONE,           :  NO. 1:22-CR-426

DANIEL E. MCGUIRE,     :

THOMAS E. LAUER, and    :  (Judge Wilson)

REBECCA J. DAVIS,       :

          Defendants.    :

                          :

**BRIEF IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT
UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES**

The SBA's 8(a) Program and the regulatory scheme outlining eligibility during the alleged Indictment period imposes racial classifications and relies on race-based and gender-based presumptions of prejudice. *See Adar and Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995); *see also Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 600 U.S. 181 (2023).  Recently, *Ultima Servs. Corp. v. US Dept. of Agric.*, 683 F. Supp. 3d 745, 755 (E.D. Tenn. 2023), held that these presumptions fail strict scrutiny and violate the Equal Protection Clause (applied federally via the Due Process clause). This unconstitutionality may require the dismissal of Counts One through Six of the Indictment, which – although and because they fail to state an offense for the reasons in the contemporaneously filed Motion to Dismiss – may be so entangled with the invalid presumption, and outside

of the clear-cut "voluntary, deliberate and calculated course of fraud and deceit" set forth in *Dennis v. United States* and its progeny, that the prosecution can no longer proceed.

## I.       The central component of the SBA's 8(a) Program is unconstitutional

*Ultima* enjoined the SBA from using race-based presumptions to award 8(a) contracts. Following that opinion, the SBA, interpreting the opinion as binding and final, acted accordingly, revising its regulatory framework and operating procedures to accord with the holding. The constitutionality of the 8(a) program in place during the Indictment period is therefore not an issue before this Court; it has already been decided.

*Ultima* noted that the Fifth Amendment's incorporation of the Fourteenth Amendment's Equal Protection Clause prevents the Government from "making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Ultima Servs. Corp. v. US Dept. of Agric.*, 683 F. Supp. 745, 764 (*citing Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010)). When the Government engages in any of those actions, courts must scrutinize the Government's conduct to determine whether it violates an entity's equal protection rights. The level of scrutiny a government-sponsored distinction receives depends on its nature. Certain classifications are subject to strict scrutiny—meaning they are

constitutional "only if they are [(1)] narrowly tailored measures that further [(2)] compelling governmental interests." *Id.* (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995)). When examining racial classifications, courts apply strict scrutiny. *Id.* (citing *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 600 U.S. 181 (2023)) (other internal citations omitted).

*Ultima* expressly found that the 8(a) Program does not pass strict scrutiny, and enjoined the SBA from utilizing **race-based presumptions of social disadvantage in making preferential contract awards to socially disadvantaged small businesses.** *Id.* at 774. Following this decision, the SBA made significant changes to its 8(a) Program, including to its participant application process, which **now requires that all 8(a) participants who have relied on the presumption of social disability to re-establish their program eligibility by completing a social disadvantage narrative that, presumably, does not violate due process, for consideration by the SBA**. *See U.S. Small Business Administration,* "Updates on the 8(a) Business Development program: Latest updates from SBA on the 8(a) Business Development program as of April 5, 2024."[1]

---

[1]Accessed via https://www.sba.gov/federal-contracting/contracting-assistance-programs/8abusiness-development-program/updates-8a-business-development-program#background-on-the-decision (May 7, 2025).

As a result, the SBA now requires 8(a) participants to prove their social disadvantage, rather than rely on the presumption of it based on immutable qualities, in light of the *Ultima* opinion.[2]

*Students for Free Admissions* and *Ultima* eviscerated the underlying presumption of social disadvantage at the heart of the 8(a) Program. As a result, SBA now provides in its "Guidance and FAQs for current 8(a) participants," different advice for those **"[c]urrent 8(a) Program participants that previously relied on the presumption of social disadvantage to support eligibility."** The 8(a) eligibility requirements and criteria are now significantly different from the SBA criteria

---

[2] The SBA's website provides disclaimers to this effect:

On July 19, 2023, the U.S. District Court for the Eastern District of Tennessee issued a ruling in *Ultima Servs. Corp. V. Dep't of Ag.* affecting the 8(a) Business Development program. Prior to this ruling, individual Black Americans, Hispanic Americans, Native Americans, Asian Pacific Americans, and Subcontinent Asian Americans applying for the program could establish that they were socially disadvantaged by demonstrating that they held themselves out as a member of one of those designated groups. This practice has been known as using a "rebuttable presumption of social disadvantage" or "presumption of social disadvantage."

While most 8(a) firms established their 8(a) Program eligibility through a presumption of social disadvantage, other 8(a) firms were admitted to the 8(a) Program because the qualifying individual owner established social disadvantage by a preponderance of the evidence (i.e. submitted a narrative as part of the original application).

In this ruling, the Court barred SBA from using the presumption of social disadvantage to administer the 8(a) Program.

**Under DOJ guidance regarding the Court's order, SBA is requiring all 8(a) participants who originally relied upon the presumption of social disadvantage in their application to re-establish their 8(a) Program eligibility by completing a social disadvantage narrative (Link is external).**

Rebecca Elstner qualified for under the Program at the time, and all 8(a) participants must submit an updated application that demonstrates they satisfy criteria that complies with the Constitution under *Ultima.* Participants who previously qualified for 8(a) status under the now-defunct presumption of socially disadvantage no longer qualify under the updated standards and must reapply.

SBA contracts at Letterkenny awarded to Rebecca Elstner were awarded under SBA 8(a) guidelines applying the unconstitutional presumption. In other words, they would today be found to violate the constitution.

**II.    The unconstitutionality of the 8(a) program may require dismissal**

The question is whether, in light of the unconstitutionality, this prosecution may proceed. The short answer is, this Indictment is too insufficient to tell.

A line of cases holds that "[i]t is no defense to a charge based upon this sort of enterprise that the statutory scheme sought to be evaded is somehow defective." *Dennis v. United States*, 384 U.S. 855, 866, 86 S. Ct. 1840, 1846-47 (1966). These foundational cases involve specific false statements, which the defendants knew to be false and made anyway, for the purpose of concealing conduct that, later, was found not to be illegal. *See, e.g.*, *Bryson v. United States*, 396 U.S. 64, 72, 90 S. Ct. 355, 360 (1969) (defendant may not "answer fraudulently a question that the Government should not have asked"); *Dennis*, 384 U.S. at 865 (defendants were "cynical and fraudulent" in attempting to evade a statutory scheme).

For all of the reasons set forth in the contemporaneously filed Motion to Dismiss for Failure to State a Claim, we do not know if *this* prosecution is similar. Dennis was indicted "for conspiracy by means of falsehood and deceit to circumvent the law." *Dennis*, 384 U.S. at 865. This Indictment charges a conspiracy but does not identify any falsehood, the "by means of" which any fraudulent scheme was executed, nor whether it in fact violated the law. Bryson was indicted for making false statements after he "within impunity knowingly and willfully answer[ed] with a falsehood." *Bryson v. United States*, 396 U.S. at 72. This Indictment charges a scheme to defraud but does not describe the scheme, identify any false answer, or even allege knowledge or willfulness.

These defects make it impossible to know if this Indictment, premised on 8(a) Program rules, survives the invalidation of the bedrock and gatekeeping component of those rules. Defendants respectfully file this motion in order to preserve the issue, alert the court to it, and kindly request an opportunity to further brief it if and when the government's actual theory of criminality might be validly stated.

## **CONCLUSION**

For the foregoing reasons, pending the Court's consideration and resolution of other pretrial Motions, Defendants respectfully request that this Court dismiss Counts One through Six because as alleged they may no longer be constitutionally prosecuted as crimes.

Respectfully submitted,


By /s/ *Efrem M. Grail*
Efrem M. Grail, Esquire
PA I.D. No. 81570
By /s/ *Julia M. Gitelman*
Julia M. Gitelman, Esquire
Pa. I.D. No. 327449
THE GRAIL LAW FIRM
428 Boulevard of the Allies
Suite 500
Pittsburgh, PA  15219
(412) 332-9101, ext. 101
egrail@graillaw.com
jgitelman@graillaw.com
*Counsel for Daniel E. McGuire*


By */s/ Sarah Hyser-Staub*
Sarah Hyser-Staub, Esquire
PA I.D. No. 315989
By */s/ James T. Clancy*
James T. Clancy, Esquire
PA I.D. No. 54339
McNEES WALLACE & NURICK LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5473
sstaub@mcneeslaw.com
*Counsel for Rebecca J. Davis*


By */s/ S. Wesley Gorman*
S. Wesley Gorman, Esquire
PA I.D. No. 325565
REISINGER COMBER & MILLER
LLC
436 Seventh Ave., Suite 300
Pittsburgh, PA 15219

(412) 894-1380
wgorman@reisingercomber.com
*Counsel for Thomas E. Lauer*

By */s/ Lisa A. Mathewson*
Lisa A. Mathewson, Esquire
PA I.D. No. 77137
MATHEWSON LAW LLC
1617 JFK Boulevard, Suite 2027
Philadelphia, PA 19103
(215) 399-9592
lam@mathewson-law.com

By */s/ Mark Cedrone*
Mark Cedrone
Saxton & Stump, LLC
123 S. Broad Street
Suite 2800
Philadelphia, PA 19109
(267) 665-2080
mec@saxtonstump.com
*Counsel for Scott E. Boone*

Date:        May 14, 2025

# <u>CERTIFICATE OF SERVICE</u>

I, Efrem M. Grail, Esq. hereby certify that a true and correct copy of the

foregoing document was filed on May 14, 2025, with the Clerk of Court using the

CM/ECF system and thereby becoming immediately available to the following:


RAVI ROMEL SHARMA
Assistant United States Attorney
Middle District of Pennsylvania
Ravi.Sharma@usdoj.gov


By /s/ *Efrem M. Grail*
Efrem M. Grail, Esquire
PA I.D. No. 81570
By /s/ *Julia M. Gitelman*
Julia M. Gitelman, Esquire
Pa. I.D. No. 327449
THE GRAIL LAW FIRM
428 Boulevard of the Allies
Suite 500
Pittsburgh, PA  15219
(412) 332-9101, ext. 101
egrail@graillaw.com
jgitelman@graillaw.com
*Counsel for Daniel E. McGuire*


Date:    May 14, 2025