**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Crim. No. 1:22-CR-426 |
| | : | |
| SCOTT E. BOONE, | : | Judge Jennifer P. Wilson |
| DANIEL E. MCGUIRE, | : | |
| THOMAS E. LAUER, and | : | |
| REBECCA J. DAVIS, | : | |
| | : | |
| Defendants. | : | |

**<u>BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT</u>**
**<u>AS TIME-BARRED</u>**

## TABLE OF CONTENTS

Table of Authorities ..................................................................................................... iii

Introduction ................................................................................................................... 1

Argument......................................................................................................................... 1

I.      The face of the Indictment shows that all counts are time-barred. ........... 2

        A.      Counts One-Six, related to the 8(a) Program, are time-
                barred. ....................................................................................................... 2

                1.      Count One, 18 U.S.C. §371 (conspiracy to violate 18
                        U.S.C. §1031, the major fraud statute) ......................................... 2

                2.      Counts Two-Six, 18 U.S.C. §1031 (substantive major
                        fraud charges) ................................................................................ 3

        B.      Counts Seven and Eight, related to the SDVOSB Program, are
                time-barred. ............................................................................................... 3

                1.      Count Seven, 18 U.S.C. §371 (conspiracy to violate 18
                        U.S.C. §1031, the major fraud statute) ......................................... 4

                2.      Count Eight, 18 U.S.C. §1031 (substantive major fraud
                        charge) ............................................................................................ 5

II.     Defendants cannot definitively address the interaction of WSLA
        with the charged offenses at this stage, but the information
        available to them shows WSLA did not prevent the limitations
        period from running. ................................................................................................ 6

        A.      WSLA's fraud clause cannot apply to this prosecution
                because if it does, then the Indictment fails to charge an
                offense. ....................................................................................................... 7

B.    Whether the government will invoke WSLA's procurement prong is unclear, but if it does it must demonstrate a "direct" connection to a war effort.  ........................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Bridges v. United States*, 346 U.S. 209 (1953) .................................................................1, 7

*Grunewald v. United States*, 353 U.S. 391 (1957) ................................................................ 4

*Kellogg Brown & Root Servs., Inc. v. United States,* 575 U.S. 650 (2015)..............2

*Toussie v. United States*, 397 U.S. 112 (1970)................................................................ 1

*United States v. Grainger*, 346 U.S. 235, 241 (1953)....................................................... 7

*United States v. Reitmeyer*, 356 F.3d 1313 (10th Cir. 2004)........................................ 3

*United States v. Sain*, 141 F.3d 463 (3d Cir. 1998) .......................................................3, 5

## Other Authorities

18 U.S.C. §371 ........................................................................................................ passim

18 U.S.C. §1031........................................................................................................ passim

18 U.S.C. §3282.............................................................................................................2, 3

18 U.S.C. §3287.............................................................................................................1, 6, 8

**INTRODUCTION**

As defendants' Motion to Dismiss for Preindictment Delay details, the government felt no time pressure to bring this Indictment.  Government counsel has indicated at various times his belief that under the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. §3287, the limitations clock has not begun to run even today on the charged major fraud offenses (18 U.S.C. §371, §1031).  Leaving for another Motion the due process implications of that position (Motion to Dismiss for Preindictment Delay), by its own terms the Indictment is time-barred.

At the same time, the Indictment's fatal gaps (*see* Motion to Dismiss for Legal Insufficiency) and the open legal question in *Kousisis v. United States*, No. 23-909 (U.S.), may affect the WSLA analysis too.  The face of the Indictment permits the Court to dismiss regardless, as explained below (Sec. II).  But defendants will respectfully seek leave to supplement their briefing if necessary, if and when we learn more about the prosecution theory.

**ARGUMENT**

Statutes prescribing a limitations period must be liberally construed in favor of repose, an interest that is "fundamental to our society and to criminal law." *Bridges v. United States*, 346 U.S. 209, 218 (1953); *see Toussie v. United*

*States*, 397 U.S. 112, 114-15 (1970).  Correspondingly, statutes that prescribe exceptions to repose, by tolling the running of an otherwise-applicable limitations period, must be construed strictly.  That includes WSLA.  *Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*, 575 U.S. 650, 660 (2015).

None of the eight counts pending against the defendants was timely filed.  Accordingly, the Indictment must be dismissed it its entirety unless WSLA saves one or more counts.  As explained below, as a matter of law WSLA does not.

## I.    The face of the Indictment shows that all counts are time-barred.

### A.    Counts One-Six, related to the 8(a) Program, are time-barred.

1.    *Count One, 18 U.S.C. §371 (conspiracy to violate 18 U.S.C. §1031, the major fraud statute)*

A five-year limitations period applies to 18 U.S.C. §371.  18 U.S.C. §3282.  The Indictment alleges that the conspiracy charged in Count One "lasted until on or about 2014."[1]  Indictment at 12, ¶39.  The Indictment was handed down

---

[1]    "Lasted <u>until</u> on or about 2014" charges that the alleged scheme ended in late 2013 or very early 2014.  The distinction makes no different to this Motion, however.

on December 14, 2022.  Doc. 1 (ECF header).  Therefore, Count One is untimely.

> 2.    *Counts Two-Six, 18 U.S.C. §1031 (substantive major fraud charges)*

Counts Two through Six are equally straightforward.  A seven-year limitations period applies to 18 U.S.C. §1031, which is not a continuing offense.  18 U.S.C. 1031(f); *see United States v. Sain*, 141 F.3d 463 (3d Cir. 1998)(each "execution" of scheme is an offense); *United States v. Reitmeyer*, 356 F.3d 1313, 1324-25 (10th Cir. 2004)(not a continuing offense).  Counts Two through Six each charge a separate "execution" of the alleged scheme, the most recent dated July 27, 2009—more than 13 years pre-indictment.  Thus, they too are untimely.

### B.    Counts Seven and Eight, related to the SDVOSB Program, are time-barred.

> 1.    *Count Seven, 18 U.S.C. §371 (conspiracy to violate 18 U.S.C. §1031, the major fraud statute)*

Again, a five-year limitations period applies to offenses charged under 18 U.S.C. §371.  18 U.S.C. §3282.  Here, however, the Indictment charges a conspiracy that continued "until in or about 2019"—which is within five years of December 2022.

The difficulty for the government, however, is that the bald assertion of an end date of 2019 is contradicted by a specific assertion of fact that shows the government bases that date on a mistaken legal premise. Section 371 expressly makes an overt act by a coconspirator an element of the offense, and a §371 conspiracy ends at the latest when the last such act is committed. 18 U.S.C. §371; *Grunewald v. United States*, 353 U.S. 391, 397 (1957). But here, the sole act of any sort alleged to have occurred within the limitations period is that the Veterans Administration—not a coconspirator, of course—sent Bon Secour a final payment, which Bon Secour passively "received.". *Id.* 28 ¶73. So far as the other allegations in the Indictment reflect, Bon Secour secured the contract and created that payment obligation—by completing the work— years earlier. *Id.* 30-33, ¶¶80-86.

Moreover, as *Grunewald* reflects, the "last overt act" rule applies only if the conspiracy did not end earlier for another reason. 353 U.S. at 396. All conspiracies end when their "central objective" is attained (*id.* 405)—and the "objective" of a conspiracy to commit a substantive offense *is the substantive offense. See id.* Yet here the the Indictment itself reflects that the substantive major fraud offense charged in Count Eight was "executed" on March 26, 2013. Indictment at 34 §88. As a matter of law, the charged conspiracy to

4

violate §1031 ended when the alleged conspirators violated §1031.  That is, it ended on March 26, 2013.   Count Seven is also time-barred.

> 2. *Count Eight, 18 U.S.C. §1031 (substantive major fraud charge)*

As this discussion reflects, Count Eight is time-barred too.  A substantive §1031 offense is completed when the scheme is executed.   *Sain*, 141 F.3d at 472.  As noted above, that date was March 26, 2013—substantially more than five years before the Indictment was handed down.

## II.   Defendants cannot definitively address the interaction of WSLA with the charged offenses at this stage, but the face of the Indictment shows WSLA did not prevent the limitations period from running.

As noted above, it is impossible to definitively address at this juncture the interaction of WLSA with the charged offenses, given the legal insufficiency of the Indictment to give notice of the charged wrongdoing and essential facts, as well as any bearing *Kousisis* will have on the charged legal theory.  That said, the face of the Indictment permits the Court to dismiss it as time-barred regardless.

First enacted in 1921 as an exception to the general statute of limitations for noncapital federal crimes, WLSA currently reads:

5

> When the United States is at war or Congress has enacted a specific authorization for the use of the Armed Forces . . ., the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancelation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war or directly connected with or related to the authorized use of the Armed Forces, . . . shall be suspended until 5 years after the termination of hostilities

18 U.S.C. §3287.[2]  The September 2008 amendments added, "or Congress has enacted a specific authorization for the use of the Armed Forces" to "at war." Pub. L. No. 110-329, 122 Stat. 3647 (Sept. 30, 2008).

Nonetheless, the language describing the three types of offenses to which WSLA applies has remained largely unchanged in substance since its enactment in 1948.  *See* Pub. L. No. 110-329, 122 Stat. 3647 (Sept. 30, 2008). The tension between the nature of modern warfare and the societal interest in repose underlies one notable change, however.  When Congress added the pendency of an Authorization for the Use of Military Force ("AUMF") to "at war," it also narrowed the definition of the non-fraud procurement cases to

---

[2] The 1948 amendment to the statute was the first to use the title "Wartime Suspension of Limitations Act."  80 Cong. Ch. 645, 62 Stat. 828 (1948).

which WSLA applies.  Under a declaration of war those cases need only be "connected with or related to" to the war effort, but under an AUMF they must be "*directly* connected with or related to" the AUMF.  Pub. L. No. 110-329, 122 Stat. 3647 (Sept. 30, 2008) (emphasis added).

### A.    WSLA's fraud clause cannot apply to this prosecution because if it does, then the Indictment fails to charge an offense.

Two foundational WSLA cases retain controlling force today.  In *Bridges*, 346 U.S. 209, 220 (1953), reaffirmed an earlier ruling interpreting identical language in WSLA's predecessor as limited to "offenses of which defrauding the United States in a pecuniary way is not an essential ingredient." *Bridges* declares the inquiry a categorical one. *Id.* 222-23.  Decided on the same day, *United States v. Grainger*, 346 U.S. 235, 241 (1953), echoes both points.

Defendants contend that the major fraud statute, like the mail and wire fraud statutes, categorically requires a scheme to harm the money or property interests of the United States. *See* Brief in Support of Motion to Dismiss for Legal Insufficiency, at Section III.C.  That would make the statute subject to WSLA.  But here, that principle requires dismissal without regard to timeliness—because the Indictment does not allege a scheme with that object.

Perhaps the government will answer that Motion by contending that the Indictment is legally sufficient because major fraud does not require a scheme

7

to deprive the United States of money or property, but merely a scheme to "obtain" property of the United States without wronging it in its property rights. But if the government does so, it will be conceding that WSLA does not apply to major fraud.

**B.      Whether the government will invoke WSLA's procurement prong is unclear, but if it does it must demonstrate a "direct" connection to a war effort.**

It is unclear whether the government will contend that the major fraud statute comprises a "procurement" offense that does not require "fraud" as traditionally understood—nor whether the government will contend that it actually charged one. If it does so, defendants will be prepared to address why WSLA's procurement prong does not provide a backstop that would ensure WSLA applies even when a statute does not categorically require a pecuniary fraud.

In the meantime, however, one thing is already clear. Even if WSLA's procurement prong were to apply here, the face of the Indictment shows that WSLA would still not reach Counts Seven and Eight. The procurement prong requires that the goods or services at issue be "directly connected with the war effort." 18 U.S.C. §3287. The Court can and should take judicial notice of the fact that the Veterans' Administration is not part of the Department of Defense, and does not serve active-duty service members. As a matter of law,

8

then, no contract with the VA is directly connected with the AUMFs that remain in place.

## CONCLUSION

For the reasons, all counts of the Indictment should be dismissed as time-barred.

Respectfully submitted,

For defendant Scott E. Boone:

*/s/ Lisa A Mathewson*
Lisa A. Mathewson, Esquire
PA I.D. No. 77137
MATHEWSON LAW LLC
1617 JFK Blvd., Suite 2027
Philadelphia, PA 19103
(215) 399-9592
lam@mathewson-law.com

*/s/ Mark E. Cedrone*
Mark E. Cedrone, Esquire
PA I.D. No. 45549
SAXTON & STUMP
123 South Broad Street, Suite 2800
Philadelphia, PA 19109
(267) 665-2080
mec@saxtonstump.com

For defendant Daniel E. McGuire:          /s/ *Efrem M. Grail*
                                          Efrem M. Grail, Esquire
                                          PA I.D. No. 81570
                                          Julia M. Gitelman, Esquire
                                          Pa. I.D. No. 327449
                                          THE GRAIL LAW FIRM
                                          428 Boulevard of the Allies
                                          Suite 500
                                          Pittsburgh, PA  15219
                                          (412) 332-9101
                                          egrail@graillaw.com


For defendant Thomas E. Lauer:          /s/ *S. Wesley Gorman*
                                          S. Wesley Gorman, Esquire
                                          PA I.D. No. 325565
                                          COMBER MILLER LLC
                                          436 Seventh Ave., Suite 300
                                          Pittsburgh, PA 15219
                                          (412) 894-1380
                                          wgorman@combermiller.com


 For defendant Rebecca Davis          /s/ *Sarah Hyser-Staub*
                                          Sarah Hyser-Staub, Esquire
                                          PA I.D. No. 315989
                                          James T. Clancy, Esquire
                                          PA I.D. No. 54339
                                          McNEES WALLACE & NURICK LLC
                                          100 Pine Street
                                          P.O. Box 1166
                                          Harrisburg, PA  17108-1166
                                          (717) 237-5473
                                          sstaub@mcneeslaw.com


Dated: May 16, 2025


10

**CERTIFICATE OF SERVICE**

I certify that on this date, I served a copy of the foregoing via this Court's

CM/ECF system upon parties of record.


*/s/ Lisa A. Mathewson*


Dated:  May 16, 2025